JACKSON COUNTY PROSECUTING ATTORNEY v JACKSON
CIRCUIT JUDGE

CRIMINAL LAW—SENTENCING—PRISON ESCAPE—CREDIT FOR TIME
SERVED.

No credit for time spent in prison while awaiting trial for prison escape can be given when sentencing a defendant for the prison escape (MCLA 769.11b).

Original action in the Court of Appeals. Submitted Division 2 June 25, 1974, at Detroit. (Docket No. 19599.) Decided August 15, 1974.

Complaint by the Jackson County Prosecuting Attorney, Bruce A. Barton, against Jackson Circuit Judge Gordon W. Britten for an order of superintending control prohibiting defendant from granting Leonard C. Dersa and others credit for time spent in prison while awaiting trial when sentencing for prison escape. Order granted.

*James M. Justin,* Assistant Prosecuting Attorney, for plaintiff.

*Marc L. Goldman,* Assistant State Appellate Defender, for Leonard C. Dersa.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 545.

27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

Time of beginning of sentence for escape or attempted escape. 92 L Ed 449.

* Circuit judge, sitting on the Court of Appeals by assignment.

DANHOF, J. Plaintiff, the Jackson County Prosecutor, filed an original complaint seeking an Order of Superintending Control requiring that the defendant Jackson County Circuit Judge, Gordon W. Britten, grant no credit for time spent in prison while awaiting trial when sentencing for prison escape, MCLA 750.193; MSA 28.390. Defendant Dersa is one of the more than 60 defendants sentenced by Judge Britten for prison escape who have been given credit against their sentences for that period of imprisonment between arraignment and sentencing.

Various panels of this Court have differed over the application of the statute providing sentence credit for pretrial incarceration, MCLA 769.11b; MSA 28.1083(2), to those cases in which a defendant who is already imprisoned for an unrelated offense commits yet another crime. One of these cases was interpreted by the defendant judge as requiring him to grant sentence credit to every defendant regardless of the nature of the crime subsequently committed. That decision has been reversed by *People v Patterson,* 392 Mich 83; 219 NW2d 31 (1974), in which it was held that the sentence credit statute cannot be construed as entitling a defendant to credit for time he was already obliged to serve under a prior sentence. Language in that opinion indicates that the matter is not discretionary:

"[C]redit cannot be granted for the pretrial incarceration of defendant serving a prison sentence arising from a prior crime."

*Patterson* involved a subsequent crime other than prison escape. Where the subsequent crime has been committed in prison or while on escape from prison, sentence credit has generally been

given. See *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969); *People v Lewis,* 42 Mich App 121; 201 NW2d 341 (1972). Where, as in the present case, the subsequent crime is prison escape, this Court has uniformly held that sentence credit should not be given. *People v Pruitt,* 23 Mich App 510; 179 NW2d 22 (1970); *People v Brooks,* 33 Mich App 297; 189 NW2d 816 (1971). Later decisions have interpreted MCLA 750.193; MSA 28.390, the statute imposing a mandatory consecutive sentence upon conviction of prison escape, to create an exception to the sentence credit granting statute. *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973), *lv den* 392 Mich 776 (1974); *People v Andrews #2,* 52 Mich App 728; 218 NW2d 383 (1974). Under the Supreme Court's holding in *Patterson,* it appears that the exception has now become the rule. In any event, if credit cannot now be given where a separate crime committed while under a valid sentence is involved, then certainly there can be no credit given in a case involving prison escape.

Plaintiff is entitled to the relief sought. An Order of Superintending Control implementing this decision will issue.

All concurred.