PEOPLE v SHELTON

Docket No. 66974. Decided February 1, 1982. On request by the
defendant for review of the record the Supreme Court, in lieu
of granting leave to appeal, vacated the defendant's conviction
of being an habitual offender, and remanded for sentencing on
the underlying felony conviction. Rehearing denied 413 Mich
1108.

Oddie Shelton was convicted in the Kent Circuit Court, Roman J.
Snow, J., of breaking and entering with intent to commit
larceny and of being an habitual offender. The habitual of-
fender charge was brought by the filing of a supplemental
information on the first day of trial on the main charge, just
before the selection of the jury. After conviction by the jury on
the main charge, the defendant was arraigned on the supple-
mental information and convicted in a bench trial. The defen-
dant appealed, contending that case law, which requires that
the prosecutor "promptly proceed" on the habitual offender
charge, meant that the supplemental information must be filed
at the same time as the information charging the underlying
felony. The Court of Appeals, Allen, P.J., and D. F. Walsh and
G. R. McDonald, JJ., affirmed the conviction in an unpublished
opinion per curiam (Docket No. 46671). The defendant requests
review of the record.

In a unanimous opinion per curiam, the Supreme Court *held:*

"Promptly" means that the prosecutor must file the supple-
mental information, if at all, not more than 14 days after the
defendant is arraigned in the circuit court (or has waived
arraignment) on the information charging the underlying fel-
ony, or before trial if the defendant is tried within that 14-day
period.

1. The purpose of requiring a prosecutor to proceed
"promptly" to file the supplemental information is to provide
the accused notice, at an early stage of the proceedings, of the
potential consequences should the accused be convicted of the
underlying offense. A standard which would find filing on the
day of trial to suffice is inadequate. While any "rule" estab-
lished is subject to the criticism that it is arbitrary, it is
preferable to the ad hoc decision-making which has been the
practice. The 14-day rule allows the prosecutor sufficient time

to make a decision regarding supplementation while at the same time providing notice to the defendant at an early stage of the proceedings.

2. The prosecutor is not foreclosed from proceeding against an habitual offender after conviction when he is unaware of the prior felony record until after conviction, nor when the delay is due to the need to verify out-of-state felony convictions based on the "rap sheet".

3. The decision in this case shall apply to all cases in which the defendant is arraigned in the circuit court on the information charging the underlying felony after the date of its release.

4. In this case the prosecutor did not file the supplemental information until the first day of trial. The conviction of being an habitual offender is vacated, and the case remanded to the circuit court for sentencing on the underlying conviction.

Oddie Shelton, *in propria persona.*

PER CURIAM. The issue in this case is whether our decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), requires that a prosecutor who intends to file a supplemental information charging a defendant with being an habitual offender must do so at the same time at which the information on the underlying felony is filed or must only proceed "promptly" to do so. We hold that a prosecutor must proceed "promptly" to file the supplemental information and we define the term "promptly" to mean that the prosecutor must file the supplemental information, if at all, not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period.

I

The defendant was charged with breaking and

entering with intent to commit larceny[1] in an information filed on February 15, 1979. In addition, on the first day of trial,[2] just prior to the selection of the jury, the prosecutor filed a supplemental information charging the defendant with being an habitual offender.[3]

The jury convicted the defendant of breaking and entering with intent to commit larceny. The defendant was immediately thereafter arraigned on the supplemental information in which he was charged with having committed two prior felonies. A bench trial was conducted and the defendant was found guilty as charged. On June 14, 1979, the defendant was sentenced to a term of 5 to 20 years in prison.

The defendant appealed to the Court of Appeals. He contended that this Court's decision in *Fountain* required that the prosecutor file the supplemental information at the same time as he filed the information charging the underlying felony. The Court of Appeals affirmed in an unpublished per curiam opinion.

## II

In *Fountain* we stated:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich

---

[1] MCL 750.110; MSA 28.305.

[2] The record reveals that the prosecuting attorney "submitted" the supplemental information to the court, without defense objection, prior to the selection of the jury. However, the supplemental information was not actually filed in the sense of being placed in the court file until the following day. We deem this distinction to be of no significance in this case but we caution that a prosecutor's notice of intent to file a supplemental information will not suffice as a substitute for the actual filing of such an information.

[3] MCL 769.13; MSA 28.1085.

302; 181 NW2d 912 (1970), *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

"Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety." 407 Mich 98-99.

The Court of Appeals has split[4] on the question whether *Fountain* requires "simultaneous" filing or "prompt" filing of the supplemental information, and those panels opting for the latter standard have found various factual situations to constitute "prompt" filing.

Our decision in *Fountain* requires that prosecutors "must promptly proceed, if at all, against the person as an habitual offender". While the simultaneous filing of both the information charging the underlying offense and the supplemental information obviously provides the greatest possible notice to the defendant, we decline to require a simultaneous filing.

We must still decide whether the prosecutor in this case proceeded "promptly" to file the supple-

[4] Court of Appeals decisions requiring simultaneous filing include: *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980); *People v Stein,* 99 Mich App 781; 298 NW2d 638 (1980).

Court of Appeals decisions requiring "prompt" filing include: *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980); *People v Martin,* 100 Mich App 447; 298 NW2d 900 (1980).

mental information. The purpose of requiring a prosecutor to proceed "promptly" to file the supplemental information is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense. We conclude that a standard which would find a filing on the day of trial to suffice is an inadequate one. We recognize that any "rule" which we might establish is subject to the criticism that it is arbitrary. However, we believe that the imposition of a "rule" is preferable to the ad hoc decision-making which has been the practice heretofore.

Accordingly, we hold that a supplemental information is filed "promptly" if it is filed not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period. We believe that such a rule allows the prosecutor sufficient time to make a decision concerning supplementation while at the same time providing notice at an early stage of the proceedings to the defendant of the potential consequences of conviction of the underlying felony.

We further note that, as we said in *Fountain:*

"The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'." 407 Mich 98-99.

Finally, we hold that this decision shall apply to cases in which the defendant is arraigned in cir-

cuit court on the information charging the underlying felony after the date of the release of this opinion.

In this case the prosecutor did not file the supplemental information until the first day of trial. Accordingly, we treat the defendant's request for review as an application for leave to appeal. Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, vacate the defendant's habitual-offender conviction, and remand the case to the Kent Circuit Court for sentencing on the underlying conviction of breaking and entering with intent to commit larceny.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.