PEOPLE v TERRY

Docket No. 78842. Submitted January 17, 1985, at Lansing.—Decided July 11, 1985. Leave to appeal applied for.

Defendant was charged with breaking and entering an occupied dwelling with intent to commit larceny, Oakland Circuit Court. On October 6, 1983, the date set for arraignment, defendant waived arraignment by filing an arraignment by mail form. On October 19, 1983, the prosecutor filed a supplemental information charging defendant as a fourth-felony offender. Neither defense counsel nor defendant was served with notice of the supplemental information until November 3, 1983, the date of the arraignment on the supplemental information. Defendant moved to dismiss the supplemental information on the ground that the prosecutor failed to give notice of its filing within 14 days of his arraignment on the principal charge. The court, David F. Breck, J., granted the motion. The prosecutor appealed. *Held:*

A supplemental information is not timely if notice of its filing is not served upon the defense counsel within 14 days after arraignment or before trial if the defendant is tried within the 14-day period.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTATION — NOTICE.

A supplemental information is timely if notice of its filing is served upon the defense counsel within 14 days after arraignment or before trial if the defendant is tried within the 14-day period.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief,

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19-21.
Power of court to make or permit amendment of indictment with respect to allegations as to prior convictions. 17 ALR3d 1265.

Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Patrick M. Cleary,* for defendant.

Before: R. B. Burns, P.J., and Bronson and D. L. Hobson,* JJ.

Per Curiam. The prosecutor appeals from the Oakland County Circuit Court's May 7, 1984, order dismissing a supplemental information filed against defendant. We affirm.

Defendant was charged with breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. On October 6, 1983, the date set for arraignment, defendant waived arraignment by filing an arraignment by mail form. See GCR 1963, 785.5(2) [MCR 6.101(D)(2)]. On October 19, 1983, the prosecutor filed a supplemental information charging defendant as a fourth-felony offender, MCL 769.12; MSA 28.1084. Neither defense counsel nor defendant was served with notice of the supplemental information until November 3, 1983, the date of the arraignment on the supplemental information.

Defendant filed a motion to dismiss the supplemental information on the ground that the prosecutor failed to give notice of its filing within the 14-day period prescribed in *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982). The trial court granted the motion following a hearing on December 22, 1983, and an order was entered accordingly on May 7, 1984.

In *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), the Supreme Court held that a prosecutor who knows a person has a prior felony

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

record must promptly proceed, if at all, against the person as an habitual offender. 407 Mich 98. The Court in *People v Shelton, supra,* p 569, stated:

"The purpose of requiring a prosecutor to proceed 'promptly' to file the supplemental information is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense.

\* \* \*

"Accordingly, we hold that a supplemental information is filed 'promptly' if it is filed not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period. We believe that such a rule allows the prosecutor sufficient time to make a decision concerning supplementation while at the same time providing notice at an early stage of the proceedings to the defendant of the potential consequences of conviction of the underlying felony."

Although the Supreme Court in *Shelton* stated that a supplemental information is promptly filed if it is filed within the 14-day period, it is apparent that the Court was concerned primarily with providing notice to the accused at an early stage of the proceedings. That purpose is not accomplished if the prosecutor can comply by simply filing the supplemental information and delaying notice to the accused. In order to further the purpose of the rule established in *Shelton,* we hold that, at the least, the prosecutor must serve defense counsel with notice of the filing of the supplemental information within the 14-day period prescribed in *Shelton.* See also, GCR 1963, 107.1 [MCR 2.107(A)].

In this case neither defense counsel nor defendant were provided with notice of the supplemental information until November 3, 1983, 28 days

after defendant waived arraignment on the information charging the underlying felony. Accordingly, we conclude that the trial court properly dismissed the supplemental information.

Affirmed.