PEOPLE v NORWOOD

Docket No. 77693. Submitted June 10, 1985, at Lansing.—Decided Spetember 6, 985.

Gerald Norwood was arraigned in Oakland Circuit Court on a charge of prison break. Thirteen days later, the prosecuting attorney filed a supplemental information charging defendant with being a third-time felony offender. Defendant filed a motion to quash the supplemental information, alleging that he was not afforded actual notice of the habitual offender charge contained in the supplemental information within 14 days of his arraignment, as required, even though the information itself was timely filed. The court, Richard D. Kuhn, J., denied the motion, and defendant subsequently pled guilty to breaking prison and, pursuant to a plea bargain, to being a second-time felony offender. Defendant appealed. *Held:*

The purpose of the 14-day rule is to provide an accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense. As evidenced by the plea agreement, the two-week period between the filing of defendant's motion to quash and the plea proceedings was sufficient to enable defendant to engage meaningfully and effectively in the plea-bargaining process. The purpose underlying the 14-day rule has been effectuated.

Affirmed.

1. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — TIMELINESS.

A supplemental information is filed promptly if it is filed not more than 14 days after the defendant is arraigned or waives arraignment in circuit court on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period.

2. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — TIMELINESS.

The purpose of requiring a prosecutor to proceed promptly to file

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Indictments and Informations § 13.

Application of speedy trial statute to dismissal or other termination of prior indictment or information and bringing of new indictment or information. 39 ALR4th 899.

supplemental informations is to provide the accused notice, at an early stage of the proceedings, of the potential consequences should the accused be convicted of the underlying offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Otis M. Underwood, Jr.,* for defendant on appeal.

Before: MacKenzie, P.J., and Hood and J. Mies,* JJ.

Per Curiam. Defendant was arraigned in circuit court on October 18, 1983, on a charge of breaking prison, MCL 791.265a; MSA 28.2325(1). On October 31, 1983, the prosecutor filed a supplemental information charging defendant with being a third-time felony offender, MCL 769.11; MSA 28.1083. It is undisputed that the supplemental information was filed within 14 days of defendant's arraignment on the underlying felony (breaking prison), as required by *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982). Defendant filed a motion to quash the supplemental information on February 1, 1984, alleging that he was not afforded "actual notice" of the habitual offender charge contained in the supplemental information within 14 days of his arraignment, even though the information itself was timely filed. This motion was denied by the court on February 8, 1984, and defendant thereafter pled guilty to breaking prison and, pursuant to a plea bargain, being a second-time felony offender, MCL 769.10; MSA 28.1082, on February 14, 1984.

Defendant appeals from the denial of his motion

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to quash as of right and argues that the mere filing of a supplemental information within 14 days of arraignment does not comply with the dictates of *Shelton, supra,* where the defendant is not personally apprised of the habitual offender charge contained in the supplemental information within the same 14-day period. We do not agree.

The purpose of the 14-day rule announced in *Shelton* is to "provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense". *Shelton, supra,* p 569.

Under the facts outlined above, defendant became aware of the habitual offender charge filed against him no later than February 1, 1984, the date his motion to quash was filed. Defendant's guilty pleas were entered two weeks later, on February 14, 1984. As evidenced by the plea agreement entered on the record, this two-week period was sufficient to enable defendant to engage meaningfully and effectively in the plea-bargaining process. Thus the express purpose underlying the *Shelton* 14-day rule has been effectuated.

Affirmed.