PEOPLE v KING

Docket No. 88324. Submitted September 4, 1986, at Detroit. Decided October 27, 1986.

David L. King pled guilty in Oakland Circuit Court to charges of breaking out of prison and to being an habitual offender, fourth offense. He was sentenced to not less than sixteen months nor more than five years in prison on the prison break charge. That sentence was then vacated and defendant was sentenced to an enhanced sentence of not less than sixteen months nor more than twenty years in prison on the habitual offender charge, Francis X. O'Brien, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant is not entitled to credit for the time spent in Oakland County Jail prior to his being sentenced on the prison break and habitual offender convictions because he was already under a sentence for an earlier offense at that time.

2. Defendant's argument that his conviction under the habitual offender charge should be vacated because he did not receive notice of the filing of the supplemental information charging him as an habitual offender until thirteen days later is rejected. Defendant had another three weeks to consider his options before he pled guilty to the charges. Defendant was not prejudiced by the delayed notice of the habitual offender charge.

Affirmed.

1. Criminal Law — Sentencing — Prison Escape — Credit for Time Served.

A defendant is not entitled to credit for time spent in a county jail while awaiting trial for prison escape where he is still subject to an unfinished earlier sentence; to be entitled to sentence credit for presentence time served, a defendant must

References

Am Jur 2d, Criminal Law §§ 439, 441, 548, 549.

Am Jur 2d, Indictments and Informations §§ 21, 25-28.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

See also the annotations in the Index to Annotations under Habitual Criminals and Subsequent Offenders; Pleadings.

have been incarcerated for the offense of which he is subsequently convicted (MCL 769.11b; MSA 28.1083[2]).

2. CRIMINAL LAW — HABITUAL OFFENDERS — DELAYED NOTICE.
   Delayed notice of the filing of habitual offender charges does not entitle a defendant to reversal of his conviction on those charges if he has not been prejudiced by the delay.

3. PROSECUTING ATTORNEYS — PLEADINGS — OPPOSING COUNSEL.
   Prosecuting attorneys, like all lawyers, have an absolute duty to promptly send copies of each and every pleading filed to opposing counsel, or to the defendant himself where there is no counsel of record (MCR 2.107[A][1]; DR 7-110[B][2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Mark A. Chadwick,* for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

BEASLEY, J. Defendant, David Leigh King, pled guilty to breaking out of prison, in violation of MCL 750.193; MSA 28.390, and to being an habitual offender, fourth offense, in violation of MCL 769.12; MSA 28.1084. Defendant was sentenced in Oakland Circuit Court to not less than sixteen months nor more than five years in prison on the prison break charge. That sentence was then vacated in favor of an enhanced sentence of not less than sixteen months nor more than twenty years in prison on the habitual offender charge. Defendant appeals as of right.

Defendant raises two arguments on appeal. First, he claims that he should have received credit for some 146 days of time spent in jail between April 25, 1985, and his sentencing on

September 18, 1985. He makes this claim under MCL 769.11b; MSA 28.1083(2), which reads:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Defendant acknowledges that the reason bond was not granted in his case was because he had yet to serve the remainder of his sentence on an earlier offense of false pretenses, but argues that credit should, nonetheless, be granted under the statute.

The Supreme Court resolved conflicting interpretations of this statute in *People v Prieskorn,*[1] saying:

> In sum, we believe that in enacting the statute in question, the Legislature intended primarily to equalize the status of the defendants who, because of their inadequate financial resources, are "unable to furnish bond for the offense of which [they are] convicted," and those who are financially capable of posting bond, or are denied bond because they are charged with an offense for which there is no entitlement to bail. Const 1963, art 1, § 15.

The Court concluded that to be entitled to sentence credit for presentence time served, a defendant must have been incarcerated "for the offense of which he is convicted."[2] In this case, defendant was not incarcerated for the offense of which he

---

[1] 424 Mich 327, 343; 381 NW2d 646 (1985).

[2] *Id.,* p 344.

was convicted, but was serving time on a previous offense. His inability to furnish bond had nothing to do with financial resources, but with his outstanding obligations to the penal system. Irrespective of this interpretation, moreover, the older case of *Jackson Co Prosecuting Attorney v Jackson Circuit Judge*,[3] which does not conflict with *Prieskorn,* is exactly on point. The *Jackson* Court held that there can be no credit given in a case involving prison escape where prisoners seek credit for time they served which was still owing on their underlying offenses.

Defendant's second argument on appeal is that the habitual offender charge should be vacated because defendant did not receive notice of the supplemental information on that charge until August 28, 1985. The supplemental information was filed on August 12, 1985, thirteen days after the filing of the information on the prison break offense. The prosecutor did not inform defendant of the supplemental information until his arraignment on that charge on August 28, 1985. Defendant appeared in propria persona.

In *People v Terry*,[4] the Supreme Court reversed a decision of this Court, where we had upheld the dismissal of a supplemental information. The information had been filed within the fourteen-day rule of *People v Shelton*,[5] but the defendant had not received notice for twenty-eight days. The Supreme Court noted that the defendant had suffered no prejudice as a result of the delay and that he had personal notice well in advance of the date of his guilty plea.

A more extreme case is *People v Norwood*,[6]

---

[3] 55 Mich App 121; 222 NW2d 57 (1974).

[4] 424 Mich 866; 380 NW2d 762 (1985).

[5] 412 Mich 565; 315 NW2d 537 (1982).

[6] 146 Mich App 259, 261; 379 NW2d 446 (1985).

where there was a delay of 3½ months before the defendant received notice of an habitual offender charge and that notice was only two weeks before the plea date. This Court held that since the *Shelton* rule had been complied with and a two-week period was sufficient for meaningful and effective engagement in the plea-bargaining process, no reversal was necessary. The clear rule seems to be that so long as a defendant is not prejudiced by his delayed notice of the habitual offender charge, the delayed notice is not grounds for reversal.

Defendant contends, however, that even if such a delay does not violate the *Shelton* rule, it must offend the due process clause of US Const, Am XIV. He cites *People v William James*,[7] which held that a defendant may not be convicted of a crime with which he was not charged unless he has had adequate notice. The *James* Court based its decision on *DeJonge v Oregon*.[8] The *James* case is not an apt analogy to this one, however. There the defendant had not been charged *at all* with the crime of which he was eventually convicted; instead, the trial judge, upon finding that the evidence did not support the offense originally charged, convicted James of another one. That has no bearing on this case, where defendant had three weeks' notice of the supplemental information and ample opportunity to consider his options before pleading guilty.

We do not, however, condone the actions of the prosecutor in this case. A prosecutor is a lawyer like any other, with an absolute duty to promptly send copies of each and every pleading he files to his opposing counsel, or to the defendant himself where there is no counsel of record. The Code of

[7] 142 Mich App 225; 369 NW2d 216 (1985).
[8] 299 US 353; 57 S Ct 255; 81 L Ed 278 (1937).

Professional Responsibility, DR 7-110(B)(2), which provides as follows, applies to a prosecutor as well as other lawyers:

> (B) In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except: . . .
> (2) In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer.

In processing habitual offender charges, prosecutors must comply with DR 7-110(B)(2).

In addition, MCR 2.107(A)(1) provides:

> (1) Unless otherwise stated in this rule, every party who has filed a pleading, an appearance, or a motion must be served with a copy of every paper later filed in the action. A nonparty who has filed a motion or appeared in response to a motion need only be served with papers that relate to that motion.

These requirements appear to be elementary. Affirmed.