PEOPLE v HAYS

Docket No. 97491. Submitted September 8, 1987, at Detroit. Decided October 20, 1987.

Donald L. Hays was convicted on his plea of guilty of assaulting a prison employee and of being an habitual offender, fourth offense, Oakland Circuit Court, Robert L. Templin, J. Defendant was sentenced to from six to fifteen years in prison and he appealed, claiming inter alia that his conviction on the habitual offender charge must be reversed because he did not receive actual notice of the filing of the supplemental information until the day of the plea hearing.

The Court of Appeals *held:*

1. Defendant did not waive his right to challenge on appeal the propriety of the prosecution's filing of the supplemental information by pleading guilty.

2. A supplemental information, in order to be deemed timely, must be filed within fourteen days of a defendant's arraignment on the last underlying felony. However, a defendant need not receive actual notice of the filing of the supplemental information within fourteen days of his arraignment, but must receive actual notice within a sufficient amount of time to allow him, should he decide to plead guilty, to meaningfully and knowingly participate in the plea proceeding. While it is clear in this case that the supplemental information was filed within fourteen days of defendant's arraignment on the charge of assaulting a prison employee, it is not clear when defendant received actual notice of the supplemental information. The Court of Appeals therefore remanded the case for an eviden-

REFERENCES

Am Jur 2d, Indictments and Informations §§ 171 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17, 17.5, 19, 20.

Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement. 89 ALR3d 864.

Power of court to make or permit amendment of indictment with respect to allegations as to prior convictions. 17 ALR3d 1265.

See also the annotations in the Index to Annotations under Habitual Criminals and Subsequent Offenders.

tiary hearing on the issue of notice and a determination by the trial court of whether it was timely. Defendant's conviction is to be vacated if the trial court finds notice to be untimely.

3. The trial court established a sufficient factual basis upon which to accept defendant's plea of guilty of assaulting a prison employee and it also fully informed defendant of the rights he was waiving by pleading guilty. The Court of Appeals affirmed defendant's conviction on this charge.

Remanded.

1. CRIMINAL LAW — HABITUAL OFFENDERS — TIMELINESS — GUILTY PLEAS — WAIVER — APPEAL.

A plea of guilty to a supplemental habitual offender information does not waive a defendant's right to challenge on appeal the propriety of the prosecution's filing of such supplemental information after defendant's conviction on the last underlying felony, since such a challenge affects the state's authority, as opposed to the state's capacity, to bring the defendant to trial on the supplemental charges.

2. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — FOURTEEN-DAY RULE.

A supplemental information, in order to be deemed timely, must be filed within fourteen days of a defendant's arraignment on the last underlying felony; however, a defendant need not receive actual notice of the filing of the supplemental information within fourteen days of arraignment, but must receive actual notice within a sufficient amount of time to allow him, should he decide to plead guilty, to meaningfully and knowingly participate in the plea proceeding.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant on appeal.

Before: GRIBBS, P.J., and J. H. GILLIS, and HOOD, JJ.

PER CURIAM. Defendant pled guilty to assaulting a prison employee, MCL 750.197c; MSA 28.394(3),

and to being a fourth-felony offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to six to fifteen years imprisonment. Defendant's motion to withdraw his guilty plea was denied, and he appeals as of right.

We find it necessary to remand this case to the trial court on defendant's second issue. In this issue, defendant claims that his conviction on the habitual-offender charge must be reversed because he did not receive actual notice of the filing of the information charging him with being a fourth-felony offender until the day he pled guilty. Defendant admits that the prosecutor filed the information within fourteen days of his arraignment on the underlying offense as required by *People v Shelton*, 412 Mich 565; 315 NW2d 537 (1982), reh den 413 Mich 1108 (1982), but claims that, because he did not receive actual notice of the filing, reversal is required.[1] Analysis of this issue must begin with *People v Fountain*, 407 Mich 96; 282 NW2d 168 (1979), reh den 407 Mich 1152 (1979), and *Shelton, supra.* In *Fountain,* the Court held that a prosecutor who knows that a person has a prior felony record must promptly file a supplemental information charging the person as an habitual offender. The Court held that, since the prosecutor knew of the defendants' prior felony records, the habitual-offender charges should have been filed with the information which charged each defendant with his last felony, in order to provide fair notice to the defendants and avoid an appearance of prosecutorial impropriety. *Fountain, supra,* pp 98-99. In *Shelton,* the Court defined "promptly" as being within fourteen days of the

---

[1] Defendant was arraigned on the general information on April 29, 1986. The habitual offender information was filed one day later on April 30, 1986. Defendant was never arraigned on that information, however, prior to his guilty plea on August 4, 1986.

defendant's arraignment on the underlying offense. The Court held that a supplemental information is filed promptly if filed within the fourteen-day period. *Shelton, supra,* p 569. In the instant case, defendant acknowledges that the prosecutor filed the supplemental information within fourteen days of his arraignment on the underlying felony but argues that placing the information in the court file was not enough and that his conviction must be reversed since he did not have actual notice until the day he pled guilty.

Initially, we must determine whether defendant's guilty plea waives this issue, as contended by the prosecutor. In *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), reh den 396 Mich 992 (1976), cert den 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976), the Court stated that a guilty plea waives all nonjurisdictional defenses. After examining various United States Supreme Court decisions the Court expanded on the types of defenses which are and are not waived by a guilty plea:

> Thus, it is clear that the United States Supreme Court, while recognizing that certain rights of defendant may be waived by a subsequent plea of guilty, does not say that is true of all rights. Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure

to suppress illegally-obtained evidence without which the people could not proceed are other examples. Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right. [*Alvin Johnson, supra,* pp 443-444.][2]

The Court went on to hold that a double jeopardy defense was not waived by a plea of guilty. *Alvin Johnson, supra,* pp 444-445.

Thereafter, in *People v Hall,* 97 Mich App 143; 293 NW2d 742 (1980), aff'd 418 Mich 189 (1983), this Court further explained the distinction between jurisdictional and nonjurisdictional defenses:

The rule [that a guilty plea waives all nonjurisdictional defects] has been limited somewhat in recent years, so that defects which are similar to jurisdictional defects in that they affect the ability of the state to bring the defendant to trial on the offense charged are also not waived by a guilty plea. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). Accordingly, a guilty plea does not constitute a waiver of a jurisdictional defect, or of a defect that amounts to a "complete defense" to the criminal charge. The "complete defense" rationale has in turn been limited to those "complete defenses" that reach beyond the factual determination of a defendant's conduct. Under this refinement, an issue that involves only the state's capacity to prove the defendant's factual guilt is still waived by a guilty plea, even though if resolved in favor of defendant it would constitute a "complete defense" because the prosecution could probably not proceed. *People v Riley,* 88 Mich App

[2] The Court has since held that the defenses of insufficient evidence to bind over at the preliminary examination and failure to suppresss illegally obtained evidence are waived by a guilty plea. *People v New,* 427 Mich 482; 398 NW2d 358 (1986).

727; 279 NW2d 303 (1979), *People v Hill,* 86 Mich
App 706; 273 NW2d 532 (1978). See *Menna v New
York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195
(1975). This sort of case often involves claims
regarding illegally seized evidence. If suppressed,
the prosecution may be unable to prove its case,
but since defendant's guilty plea is a reliable
determination of factual guilt, the guilty plea
waives any issue of the state's capacity to prove
that factual guilt. The "complete defense" ratio-
nale has been applied to preserve those issues that
concern the state's *authority* (as opposed to *capac-
ity*) to bring a defendant to trial. *People v Alvin
Johnson, supra* (plea of guilty in prosecution
barred by double jeopardy), *People v Beckner,* 92
Mich App 166, 169; 285 NW2d 52 (1979) (plea of
guilty to charge brought under inapplicable stat-
ute). [*Hall, supra,* pp 146-147. Emphasis supplied.]

In *People v John Wells,* 103 Mich App 577; 303
NW2d 243 (1981), this Court held that the defen-
dant's guilty plea did not waive his right to claim
on appeal that the information charging him with
being an habitual offender was not filed promptly
in accordance with *Fountain.* This Court stated
that the defendant's guilty plea did not waive the
issue, as the issue amounted to a complete defense
to the habitual offender proceeding, which affects
the state's authority, as opposed to its capacity, to
bring the defendant to trial. *John Wells, supra,* p
586. However, in *People v Rashid,* 154 Mich App
762, 768-770; 398 NW2d 525 (1986), this Court
stated that the *Shelton* fourteen-day rule is nonju-
risdictional and is waived by a guilty plea.

In the instant case, defendant does not allege
that the *Shelton* fourteen-day rule was not com-
plied with; therefore, *Rashid* is not dispositive.
Rather, defendant asserts a due process type of
argument, wherein he claims a complete lack of
knowledge of the supplemental proceedings

against him. We feel that this is a jurisdictional defense which affects the very authority of the state to proceed against defendant. It would clearly be a violation of the constitutional right to due process to convict a defendant without affording him sufficient notice of the charges against which he was to defend. As such, insufficient notice is a defense "grounded in the due process clause," *Alvin Johnson, supra,* and concerns the state's "authority, as opposed to its capacity" to bring a defendant to trial, *Hall, supra.* Thus, we feel that by pleading guilty defendant has not waived his right to assert a lack of knowledge of the supplemental information on appeal.

We now turn to the merits. In *People v Terry,* 145 Mich App 234; 377 NW2d 834 (1985), this Court faced a similar situation. The defendant was arraigned on the underlying felony on October 6, 1983. On October 19, 1983, the prosecutor filed a supplemental information charging the defendant as a fourth-felony offender. Neither defense counsel nor defendant were served with notice of the supplemental information. *Terry, supra,* p 235. The trial court granted the defendant's motion to dismiss the supplemental information on the ground that the prosecutor had failed to give notice of its filing the supplemental information within fourteen days. *Id.* This Court agreed, stating:

Although the Supreme Court in *Shelton* stated that a supplemental information is promptly filed if it is filed within the 14-day period, it is apparent that the Court was concerned primarily with providing notice to the accused at an early state of the proceedings. That purpose is not accomplished if the prosecutor can comply by simply filing the supplemental information and delaying notice to the accused. In order to further the purpose of the

rule established in *Shelton,* we hold that, at the
least, the prosecutor must serve defense counsel
with notice of the filing of the supplemental infor-
mation within the 14-day period prescribed in
*Shelton.* See also, GCR 1963, 107.1 [MCR 2.107(A)].

In this case neither defense counsel nor defen-
dant were provided with notice of the supplemen-
tal information until November 3, 1983, 28 days
after defendant waived arraignment on the infor-
mation charging the underlying felony. Accord-
ingly, we conclude that the trial court properly
dismissed the supplemental information. [*Terry,*
*supra,* pp 236-237.]

However, the Supreme Court reversed, holding
that the defendant suffered no prejudice as a
result of the slight delay in receiving actual per-
sonal notice, and noting that the defendant had
actual personal notice well in advance of the date
he pled guilty to the underlying offense. *People v*
*Terry,* 424 Mich 866 (1985). The Court cited *People*
*v McClellan,* 146 Mich App 128; 379 NW2d 393
(1985), and *People v Norwood,* 146 Mich App 259;
379 NW2d 446 (1985). In *McClellan,* while the
prosecutor filed the supplemental information
within fourteen days, the defendant claimed he
was entitled to reversal because he did not receive
actual notice within fourteen days. This Court
disagreed, holding that, since the defendant did in
fact receive notice at an early stage in the proceed-
ings, reversal was not required. *McClellan, supra,*
p 132. In *Norwood,* the defendant similarly argued
that, although the supplemental information was
filed within the fourteen-day time period, he was
not personally apprised of the habitual-offender
charge within the fourteen-day time period. This
Court again disagreed, finding that since the de-
fendant had actual notice two weeks before his
guilty plea, the express purpose underlying the

*Shelton* fourteen-day rule had been met. *Norwood, supra,* p 261. See also *People v King,* 156 Mich App 254, 257-259; 401 NW2d 627 (1986). Thus, it is clear that a defendant need not receive actual notice of the filing of the supplemental information within fourteen days of his arraignment on the underlying felony, but has to receive actual notice within a sufficient amount of time before he pleads guilty, so that the defendant can meaningfully and knowingly participate in the plea proceeding.

In the instant case, the record does not clearly reveal when defendant received actual notice. In an affidavit, defendant stated that he did not know about the supplemental information until the day he pled guilty. At the guilty plea hearing, the prosecutor stated on the record that defense counsel received a copy of the habitual offender information "not long ago." Since we can not determine from the record when defendant or his counsel received actual notice, we remand this case to the trial court for an evidentiary hearing, at which the court is to determine when defendant or his counsel received actual notice, and whether the notice was sufficiently timely to enable defendant to knowingly plead. If the notice is found timely, the habitual offender conviction is affirmed. If not, that conviction must be vacated, and defendant given an opportunity to proceed to trial.

Since we remand on this issue, we need only briefly address the remainder of defendant's issues. We reject defendant's claim that reversal is required because the court did not inform defendant that the rights he had waived by pleading guilty applied equally to the habitual offender charge. This claim has already been rejected by this Court. *People v Cuellar,* 144 Mich App 187; 374 NW2d 925 (1985). We find that the trial court established

a sufficient factual basis upon which to accept defendant's plea, as required by MCR 6.101(F)(3)(a). A factual basis is sufficient if an inculpatory inference can be drawn from that which defendant has admitted, even if an exculpatory reference can also be drawn. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), reh den 398 Mich 951 (1976), cert den sub nom *Sanders v Michigan,* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977); *Rashid, supra,* pp 764-765. After a review of the colloquy between the court and defendant, we determine that a sufficient factual basis has been established. We also feel that the court's statement, that at a trial defendant would be presumed innocent until proven guilty beyond a reasonable doubt, sufficiently complied with MCR 6.101(F)(1)(c)(iv). Finally, we reject defendant's contention that his conviction must be reversed because the trial court did not advise him of his right to a speedy trial. The right to a speedy trial is not included in the list of rights of which the defendant must be informed. MCR 6.101(F)(1)(c).

Defendant's conviction on the underlying charge is affirmed. The matter is remanded as to the habitual offender conviction for proceedings consistent with this opinion. We do not retain jurisdiction.