PEOPLE v TIPPERY

Docket No. 128074. Submitted December 5, 1990, at Lansing. Decided
April 15, 1991, at 9:10 A.M.

Christine R. Tippery pleaded guilty in the Oakland Circuit Court
of embezzlement by an agent of over $100 and of being an
habitual offender, second offense. The court, Steven N. An-
drews, J., sentenced the defendant to 2½ to 15 years' imprison-
ment. The defendant appealed, alleging that she did not receive
timely notice of the habitual offender charge.

The Court of Appeals *held:*

The defendant received actual notice of the supplemental
information charging her as an habitual offender more than a
month before she pleaded guilty. The notice was sufficiently
timely to allow the defendant to enter a knowing plea. A
defendant need not receive actual notice of the filing of a
supplemental information within fourteen days of arraignment
on the underlying felony, but must receive actual notice within
a sufficient amount of time before pleading guilty, so that the
defendant can meaningfully and knowingly participate in the
plea proceeding.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Graham K. Crabtree,* Assis-
tant Prosecuting Attorney, for the people.

*Thomas J. Fillion,* for the defendant.

Before: Hood, P.J., and Weaver and Marilyn
Kelly, JJ.

Weaver, J. Defendant pleaded guilty of embez-
zlement by an agent of over $100, MCL 750.174;
MSA 28.371, and of being an habitual offender,

second offense, MCL 769.10; MSA 28.1082. She was subsequently sentenced to a prison term of 2½ to 15 years. She now appeals as of right. We affirm.

Defendant claims the court erred in accepting her guilty plea regarding the habitual offender, second offense, charge, claiming that she did not receive timely notice of the charge.

Defendant concedes that the supplemental information charging her with being an habitual offender was properly filed within fourteen days of her arraignment on the underlying charge. *People v Shelton*, 412 Mich 565; 315 NW2d 537 (1982). On February 6, 1990, defendant received notice that the supplemental information had been filed. She pled guilty of this charge more than a month later, on March 13, 1990. As this Court has previously ruled, a defendant need not receive actual notice of the filing of a supplemental information within fourteen days of arraignment on the underlying felony. *People v Hays*, 164 Mich App 7; 416 NW2d 358 (1987). The rule is that the defendant must receive actual notice within a sufficient amount of time before pleading guilty, so that the defendant can meaningfully and knowingly participate in the plea proceeding. *Id.*

Here, defendant received actual notice of the supplemental information more than a month before she pleaded guilty of being an habitual offender, second offense. Clearly, notice was sufficiently timely to allow defendant to knowingly plead.

Finding no error, we affirm.