PEOPLE v MAJORS

Docket No. 49384. Submitted February 4, 1981, at Detroit.—Decided March 17, 1981. Leave to appeal applied for.

Timothy L. Majors was convicted on his pleas of guilty of second-degree murder and possession of a firearm in the commission of a felony, and, in a separate proceeding, of receiving and concealing stolen property, Recorder's Court of Detroit, Samuel C. Gardner, J. Defendant appeals from each conviction. He alleges that the conviction of felony-firearm was not proper because he did not personally possess a firearm at the time of the shooting which resulted in the murder charge. The shooting was done by a codefendant, and the defendant was convicted on a theory of aiding and abetting. The defendant also alleges that the plea bargain wherein the prosecutor agreed to dismiss the charge of unlawfully driving away a motor vehicle in exchange for a plea to receiving and concealing stolen property was an illusory bargain because the defendant could not have been convicted of both offenses. *Held:*

1. Conviction of felony-firearm requires the defendant to have had personal possession of a firearm during the commission of the felony.

2. The plea of guilty of receiving and concealing stolen property should not have been accepted in exchange for dismissal of the charge of unlawfully driving away a motor vehicle unless a factual basis was established which would have allowed the defendant to be convicted on both charges.

The felony-firearm conviction is vacated, and the case remanded for a new plea proceeding on the charges of unlawfully driving away a motor vehicle and receiving and concealing stolen property.

N. J. KAUFMAN, J., would hold that personal possession of a firearm is not required for a conviction of felony-firearm based on a theory of aiding and abetting.

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Weapons and Firearms §§ 24, 25.
[2] 50 Am Jur 2d, Larceny §§ 120, 176, 178.

1. CRIMINAL LAW — FELONY-FIREARM — STATUTES.

  A defendant must personally possess a firearm during the com-
  mission of a felony in order that the prosecution may charge
  him under the felony-firearm statute (MCL 750.227b; MSA
  28.424[2]).

2. LARCENY — RECEIVING AND CONCEALING STOLEN PROPERTY —
   GUILTY PLEAS.

  A defendant may not be convicted of both larceny and receiving
  and concealing the stolen property except in limited circum-
  stances; therefore, where a defendant is charged with unlaw-
  fully driving away a motor vehicle and, alternatively, with
  receiving and concealing the stolen automobile, a plea of guilty
  to either of the charges should not be accepted in exchange for
  the dropping of the other charge unless a factual basis is
  established which would allow a conviction on both charges.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. The instant appeal involves two actions in Detroit Recorder's Court from which the defendant appeals. In the first matter the defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during a felony, MCL 750.227b; MSA 28.424(2). Pursuant to a plea agreement, the original charge was dismissed and defendant entered a plea to second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm. The plea-taking court agreed to impose a sentence of no more than 5 to 20 years for the second-degree murder. Defendant was sen-

tenced to 5 to 20 years for the second-degree murder conviction and to a mandatory consecutive two years for the felony-firearm conviction. Defendant appeals as of right.

The charges arose out of the shooting of a parking lot guard outside a bar in the City of Detroit. The defendant and his codefendants were involved in an attempt to steal the victim's gun. As they approached the guard, he reached for his gun and was shot by codefendant Robert (Bobby) Watson.

Testimony was presented at the preliminary examination that indicated the defendant was in possession of the gun when he and his codefendants left a codefendant's house but prior to the shooting the defendant had given the gun to the codefendant who shot the victim.

The basis of defendant's felony-firearm conviction is the theory of aiding and abetting. We are of the belief that the felony-firearm statute, MCL 750.227b; MSA 28.424(2), requires that the defendant personally possess the firearm during the commission of a felony to enable the prosecution to charge that offense. *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), *lv gtd* 407 Mich 882 (1980), *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), *People v Bridges,* 98 Mich App 436; 296 NW2d 275 (1980). There is currently a split of authority in this Court on this issue. See *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *lv gtd* 407 Mich 882 (1980). The necessity of personal possession of the firearm for a charge of felony-firearm is an issue which is currently pending in the Michigan Supreme Court, *Walter Johnson, supra, Tavolacci, supra.* Until the issue is resolved by that Court we will follow the reasoning in *Walter Johnson, Powell,* and *Bridges.*

Therefore, we vacate the defendant's plea and sentence on the charge of felony-firearm.

We next address the defendant's guilty plea to a charge in a second matter in Recorder's Court. Defendant was charged with receiving and concealing stolen property with a value over $100, MCL 750.535; MSA 28.803, and in the alternative, with unlawfully driving away a motor vehicle, MCL 750.413; MSA 28.645. The prosecutor agreed to dismiss the charge of unlawfully driving away a motor vehicle in exchange for defendant's plea to receiving and concealing stolen property. The trial court agreed to limit the defendant's sentence for the receiving and concealing charge to less than the sentence given in the second-degree murder offense and to allow those sentences to run concurrently in exchange for the defendant's plea to receiving and concealing. Defendant contends that this plea agreement is illusory because under the precepts set forth in *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), the prosecution is able to charge a defendant with larceny and receiving and concealing, but the defendant cannot be convicted of both, except under limited circumstances not present in this case. "Similarly, if the thief transfers stolen property and then buys or receives it back he may be prosecuted and convicted under this [receiving and concealing] statute." *People v Kyllonen, supra,* 150.

"The object [of the receiving and concealing statute] was to make liable *persons who helped thieves or others conceal* stolen property as well as those persons already covered by the statute who *bought* or *received* stolen property. Limiting the application of these words does no violence to the end result sought to be achieved by the statute or the objectives sought to be effectuated. Also, this interpretation is consistent with the general policy of all previous legislation on this subject.

"Therefore, the statute should be strictly construed to

exclude thieves who conceal property they have stolen. Under the Michigan statutory scheme, thieves are to be punished for larceny. Persons who help thieves or others conceal stolen property are to be punished for aiding in the concealment of stolen property." *People v Kyllonen, supra,* 147-148. (Emphasis in original.)

We remand the action for a new plea-taking procedure on the charges of unlawfully driving away a motor vehicle or, in the alternative, receiving and concealing stolen property. Should any agreement be entered into between the defendant and the prosecution, it should not be suggested in the plea agreement or in the plea-taking procedure that the defendant's plea is in exchange for either of the charges being dropped unless a factual basis is established to allow a conviction on both charges. It is not necessary for us to address the defendant's other claims pertaining to this plea bargain.

The defendant's felony-firearm conviction is vacated. Remanded for a new plea-taking procedure.

Judge KAUFMAN would hold that personal possession is not required to sustain a charge and conviction of felony-firearm based on a theory of aiding and abetting. See Judge KAUFMAN's dissent in *People v Walter Johnson, supra.*