PEOPLE v HENRY ANDERSON

Docket No. 54338. Submitted September 15, 1981, at Lansing.—Decided October 28, 1981.

Henry Anderson was convicted, on his plea of guilty, in Recorder's Court of Detroit, Robert L. Evans, J., of attempted possession of the credit card of another with the intent to circulate or sell the same. At the guilty plea hearing, defendant indicated that the credit card, which he attempted to use to pay for certain merchandise, had been acquired by him in payment of a gambling debt from a person who defendant thought to be the owner. The trial court accepted defendant's guilty plea. At sentencing, defendant denied that he had any criminal intent. Defendant appeals by leave granted, arguing that the trial court erred in accepting his guilty plea because of the failure to ascertain a sufficient factual basis. *Held:*

The trial court should not have accepted defendant's plea of guilty since the facts elicited, even drawing every permissible inculpatory inference, are insufficient to establish the factual basis necessary to convict for the crime of attempted possession of the credit card of another with intent to sell or circulate the same.

Reversed.

CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS — CREDIT CARDS.

The factual basis necessary to support a plea of guilty to attempted possession of the credit card of another with intent to circulate and sell the same is not established where the only basis is the defendant's indication that he won the credit card from the person he believed to be the owner and that he did not think the credit card was stolen (MCL 750.157p; MSA 28.354[15]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 141, 489.

cipal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. Defendant appeals by leave from a guilty plea conviction of the offense of attempted possession of another's credit card with intent to circulate or sell, MCL 750.92, 750.157p; MSA 28.287, 28.354(15). Defendant argues that the trial court erred by accepting the defendant's plea of guilty because an inadequate factual recitation was elicited at the plea proceedings. We agree.

MCL 750.157p; MSA 28.354(15) reads as follows:

"Any person who has in his possession, or under his control, or who receives from another person a credit card with the intent to circulate or sell the same, or to permit or cause or procure the same to be used, delivered, circulated or sold, knowing such possession, control or receipt to be without the consent of the cardholder, shall be guilty of a felony."

The information filed in this case identifies Security Bank & Trust Master Charge as having issued the credit card to cardholder Edward Fink.

In the transcript of the plea-taking proceeding it is stated that on April 4, 1980, defendant had a credit card that belonged to the Security Bank & Trust Company, with which he tried to purchase a couple pairs of pants at Danny's Fashion Shop. Defendant, when asked if somebody gave him permission to use the credit card, answered he won the credit card from a person who owned it with permission to use it. While defendant did not

presume it was legal for him to buy anything he wanted with a credit card he won in a gambling game, at the same time he did not think the card was stolen. Defendant never received the pants he ordered, being stopped in the purchase process. He had the impression that he was the person named on the credit card, having I. D. and the credit card. At the May 13, 1980, sentencing defendant denied criminal intent.

The guilty-plea and sentencing transcript indicates a lack of intent to commit the offense charged. The factual basis was not adequate to meet the requirements of a knowledgeable and understanding plea. *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959), *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976). To say a factual basis exists to draw an inculpatory inference from the facts admitted by the defendant is to stretch the applicability of *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), in this instance.

Reversed.