PEOPLE v BRADFORD

Docket No. 81952. Submitted May 15, 1985, at Lansing.—Decided July 16, 1985.

Edward Bradford was convicted, on his plea of guilty, of drawing checks on insufficient funds, Oakland Circuit Court, Alice L. Gilbert, J. For a factual basis to support the plea, defendant admitted drawing the checks and that the account contained insufficient funds to cover the checks but specifically denied knowing that the account contained insufficient funds at the time the checks were drawn. Defendant appealed. *Held:*

The specific intent to defraud is necessary to commit the crime of drawing insufficient funds checks and such an intent implies knowledge of the account's status. The factual basis was insufficient to support the plea.

Reversed and remanded.

1. UTTERING AND PUBLISHING — CHECKS ON INSUFFICIENT FUNDS — SPECIFIC INTENT.

The specific intent to defraud is necessary to commit the crime of drawing insufficient funds checks and such an intent implies knowledge of the account's status.

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis for a guilty plea is sufficient if an inculpatory inference can be drawn from what the defendant has admitted, even if the defendant has denied an element of the crime.

3. UTTERING AND PUBLISHING — CHECKS ON INSUFFICIENT FUNDS — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

The factual basis necessary to support a plea of guilty to drawing checks on insufficient funds is not established where the defendant admits drawing the checks and that the account had

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, False Pretenses §§ 78-82.
    Constitutionality of "bad check" statute. 16 ALR4th 631.
[2] Am Jur 2d, Criminal Law §§ 469-480.
    See the annotations in the ALR3d/ALR4th Quick Index under the topic Guilty Plea.
[3] Am Jur 2d, False Pretenses §§ 19, 73-81.

insufficient funds to cover them but denies knowledge that the account had insufficient funds at the time the checks were drawn (MCL 750.131a; MSA 28.326[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Arthur James Rubiner,* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

PER CURIAM. Defendant pled guilty to passing three nonsufficient funds checks in ten days, MCL 750.131a; MSA 28.326(1), and was sentenced to two years probation with the first 90 days to be served in jail. Defendant appeals as of right.

The only issue on appeal concerns the adequacy of the factual basis for defendant's plea. When the court first asked the defendant whether he wished to plead guilty, the defendant replied in the affirmative, but then stated, "I didn't know the money wasn't in there, but that's something else". The court then asked if there were insufficient funds in his account to cover the three checks and defendant again replied, "Yes, but I didn't know that". Defense counsel, apparently recognizing a problem, since defendant had just denied an element of the offense, stated that the matter would be clarified. After defendant was informed of his rights, the factual basis of the plea was taken. Defendant stated, "I wrote a—I wrote some checks to the store that I trade at everyday, just about, and I didn't have no money in the bank to cover them".

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

A factual basis is sufficient if an inculpatory inference can be drawn from what the defendant has admitted despite the fact that an exculpatory inference also can be drawn from the same facts. *Guilty Plea Cases,* 395 Mich 96, 128-132; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977). The specific intent to defraud is necessary to commit the crime of drawing insufficient funds checks and such an intent implies knowledge of the account's status. *People v Reynolds,* 122 Mich App 238; 322 NW2d 451 (1982). In the instant case, defendant specifically denied that he knew that he had insufficient funds in his account to cover the checks. If a defendant denies an element of the crime, the trial court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. *People v Clark,* 129 Mich App 119; 341 NW2d 248 (1983). A factual basis in which the defendant merely recites that he drew checks and did not have the money in the bank is sufficient to support a plea to this charge. *People v Seda-Ruiz,* 87 Mich App 100, 102; 273 NW2d 602 (1978). We however feel that *People v Henry Anderson,* 111 Mich App 657; 314 NW2d 478 (1981), is controlling on this issue. In that case, the defendant was charged with attempted possession of another's credit card with the intent to circulate or sell. MCL 750.157p; MSA 28.354(15). That statute requires that the defendant knows his possession of the credit card is without consent of the cardholder. This Court found that the factual basis for a plea to that charge was insufficient where the defendant denied he had knowledge that the card belonged to another:

"In the transcript of the plea-taking proceeding, it is stated that on April 4, 1980, defendant had a credit

card that belonged to the Security Bank and Trust Company, with which he tried to purchase a couple pairs of pants at Danny's Fashion Shop. Defendant, when asked if somebody gave him permission to use the credit card, answered he won the credit card from a person who owned it with permission to use it. While defendant did not presume it was legal for him to buy anything he wanted with a credit card he won in a gambling game, at the same time he did not think that the card was stolen. Defendant never received the pants he ordered, being stopped in the purchase process. He had the impression that he was the person named on the credit card, having I.D. and the credit card. At that May 13, 1980, sentencing, defendant denied criminal intent.

"The guilty plea and sentencing transcript indicates a lack of intent to commit the offense charged. The factual basis was not adequate to meet the requirements of a knowledgeable and understanding plea. *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959), *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976). To say a factual basis exists to draw an inculpatory inference from the facts admitted by this defendant is to stretch the applicability of *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), in this instance." 111 Mich App 658-659.

Likewise in the instant case we find that the factual basis was insufficient.

Reversed and remanded.