PEOPLE v RASHID

Docket No. 88976. Submitted September 3, 1986, at Detroit. Decided September 16, 1986.

Adib Abdur-Rahim Rashid, also known as Sidney Ward, pled guilty in Oakland Circuit Court to two counts of uttering and publishing and to being an habitual offender, fourth offense. The supplemental information charging defendant with being an habitual offender was not filed within the fourteen-day limit following arraignment on the uttering and publishing charges, but defendant agreed to the late filing of the habitual offender charge. In exchange for that agreement, the prosecutor dropped other charges against defendant. The trial court, David F. Breck, J., first imposed and then vacated sentences of from eight to twelve years on each of the uttering and publishing convictions and entered a sentence of from twelve to thirty years on the habitual offender conviction. Defendant appealed.

The Court of Appeals *held:*

1. Appellate review of defendants' argument that the magistrate abused his discretion in binding defendant over to circuit court is precluded by defendant's failure to move to quash the charges in the trial court.

2. There was a sufficient factual basis in the record for the trial court's acceptance of defendant's guilty plea on the uttering and publishing counts. Defendant's contention that failure to establish the corpus delicti was a violation of his due process rights is without merit.

3. The fact that the supplemental information charging defendant as an habitual offender was not filed within fourteen days of his arraignment on the uttering and publishing charges did not divest the trial court of jurisdiction to accept the guilty

REFERENCES

Am Jur 2d, Appeal and Error §§ 607 *et seq.*

Am Jur 2d, Criminal Law §§ 443 *et seq.;* 525 *et seq.*

Am Jur 2d, Evidence §§ 1080 *et seq.*

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17 *et seq.*

See the annotations in the Index to Annotations under Appeal and Error; Criminal Law; Evidence; Habitual Criminals and Subsequent Offenders.

pleas. The fourteen-day rule is nonjurisdictional, and defendant's waiver of the issue was properly accepted by the court.

4. The trial court did not improperly engage in sentence bargaining.

5. The trial court did not violate the plea agreement by sentencing defendant to a prison term of more than five years.

Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE — PRESERVING QUESTION.

Failure to move to quash a criminal information in the trial court precludes appellate review of the issue of whether there was sufficient evidence produced at the preliminary examination to bind the defendant over on the charges.

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis for a guilty plea is sufficient if an inculpatory inference can be drawn from what the defendant has admitted, despite the fact that an exculpatory reference can also be drawn.

3. CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — FOURTEEN-DAY RULE — JURISDICTION.

The failure to file a supplemental information against a defendant charging him with being an habitual offender within fourteen days of his arraignment on the underlying charge does not divest the trial court of jurisdiction to accept a guilty plea on the habitual offender charge; the fourteen-day rule is nonjurisdictional.

4. CRIMINAL LAW — SENTENCING — PLEA AGREEMENTS.

A trial court is not permitted to engage in negotiation of a plea agreement, but it may accept a plea agreement, including the sentence recommendation agreed upon by the prosecution and the defendant.

5. CRIMINAL LAW — SENTENCING.

A sentencing court may consider other criminal activities in which a defendant was involved even though they did not result in conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*William G. Wolfram,* for defendant on appeal.

Before: R. M. MAHER, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Defendant pled guilty to two counts of uttering and publishing, MCL 750.249; MSA 28.446, and to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and agreed to the late filing of the supplemental information charging him as an habitual offender in exchange for dismissal of charges of false pretenses with intent to defraud of property worth more than $100, MCL 750.218; MSA 28.415, and being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, on the same charge. The trial court first imposed and then vacated sentences of eight to twelve years on each of the uttering and publishing convictions and then entered a sentence of twelve to thirty years on the habitual offender, fourth offense plea. The defendant appeals as of right.

The defendant first argues that the magistrate abused his discretion in binding him over to circuit court. The defendant's failure to move to quash the charges in circuit court precludes appellate review of this issue. *People v Eagen,* 136 Mich App 524, 528; 357 NW2d 710 (1984). Cf., *People v Schaffer,* 129 Mich App 287, 289; 341 NW2d 507 (1983), lv den 419 Mich 860 (1984) (issue preserved with a motion to quash).

The defendant next argues that there was an insufficient factual basis in the record for the circuit court's acceptance of his guilty plea on the uttering and publishing counts. A factual basis is sufficient if an inculpatory inference can be drawn from what the defendant has admitted, despite the fact that an exculpatory reference can also be

drawn. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975); *People v Clark,* 129 Mich App 119; 341 NW2d 248 (1983); *People v Bradford,* 144 Mich App 416; 375 NW2d 764 (1985).

Michigan's uttering and publishing statute provides:

> Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years. [MCL 750.249; MSA 28.446.]

The following colloquy occurred at the defendant's plea hearing:

> *The Court:* What did you do?
> *Mr. Rashid:* Well, I went in and I attempted to— well, I went in and opened the charge account in the name of another person whose name was Richard Mossman and identified myself as that person and signed an agreement with Meyers to open a charge account and make regular payments on it.
> *Mr. Spiekerman:* Your Honor, may I ask a question or two?
> *The Court:* Yes.
> *Mr. Spiekerman:* You weren't Richard Mossman, is that correct?
> *Mr. Rashid:* No, I was not Richard Mossman.
> *Mr. Spiekerman:* At the time you signed that agreement, you knew you were not—you knew that was a false agreement, is that correct?
> *Mr. Rashid:* Correct.
> *Mr. Spiekerman:* And based on that agreement, you did obtain a watch and a ring, is that correct?
> *Mr. Rashid:* Correct.

*Mr. Spiekerman:* The People are satisfied.

*The Court:* You had no authority to use Mr. Rose or Mossman rather?

*Mr. Rashid:* No.

*The Court:* Am I right?

*Mr. Rashid:* Right.

*The Court:* You did that intending to defraud the store?

*Mr. Rashid:* Correct.

The defendant argues that the credit sale did not constitute forgery, but merely a misrepresentation of identity. In *People v Hodgins,* 85 Mich App 62; 270 NW2d 527 (1978), the Court held that the defendant did not commit forgery in using a check on an account that she opened with stolen identification in the name of another, but using her own funds. The charge of forgery in *Hodgins* was based on the fact that the defendant used one of the checks she had obtained from the bank when attempting to purchase a TV set, not on her opening of the account. Here the charges were based both on the use of the credit card and in the opening of the account. This case would instead be more closely analogous to *People v Van Horn,* 127 Mich App 489; 339 NW2d 475 (1983), in which this Court held that there was sufficient evidence of forgery in the defendant's unauthorized transfer of funds from his uncle's savings account into a new account, opened by the defendant in his uncle's name, and the subsequent unauthorized withdrawal of funds from the new account by the defendant. However, the *Van Horn* Court held that the forgery was not complete until the defendant presented the withdrawal slip on the new account. *Van Horn, supra,* p 492.

Here the defendant also argues that there is no factual basis to establish that he signed a credit

sales slip which, in effect, would complete the "withdrawal" from the credit account. However, the defendant did testify that, "based on that agreement," he obtained the watch and the ring. We believe that it would be possible to infer that the transactions by which the defendant obtained the watch and the ring were ordinary credit purchases in which a credit sales slip was signed. In doing so, we believe that the instant case is indistinguishable from *People v Hester,* 24 Mich App 475; 180 NW2d 360 (1970), and *People v Ford,* 417 Mich 66; 331 NW2d 878 (1982), in which the act of forgery was the act of signing the credit sales slip on an account both opened by and in the name of another individual.

In a related issue, the defendant argues that there was no factual basis in the record for other charges withdrawn by the prosecution in exchange for the defendant's guilty plea. In *People v Majors,* 104 Mich App 684; 305 NW2d 293 (1981), we required the prosecution to establish a factual basis for both unlawfully driving away a motor vehicle and receiving and concealing stolen property *if* it was suggested in the plea-taking procedure on remand that the defendant's plea was in exchange for dropping either charge. *Majors, supra,* p 688. However, in *Majors* we held that the plea bargain was illusory because the prosecution could not have obtained a conviction on both charges. Here the defendant does not argue that his plea bargain was illusory in that sense. We decline to extend the relief provided in *Majors* to establish a general requirement that other crimes be supported by the record. It is sufficient if the record establishes that the defendant is guilty of the offense charged or the offense to which he or she has pled. MCR 6.101(F)(3)(a). In view of the fact that we find sufficient facts of record to estab-

lish the defendant's guilt on the uttering and publishing counts, we find no merit in his contention that failure to establish the corpus delicti was a violation of his due process rights. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), cert den 449 US 885; 101 St Ct 239; 66 L Ed 2d 110 (1980).

The defendant next argues that the trial court erred by accepting his guilty plea on the habitual offender charge. The defendant argues that since the prosecution failed to file a supplemental information on the habitual offender charge within fourteen days of his arraignment, as required by *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982), the trial court lacked jurisdiction to accept his plea. The Court in *Shelton* did not consider whether the fourteen-day period allowed the prosecution was jurisdictional. The defendant argues that the fourteen-day period is analogous to a 180-day or speedy trial claim. This Court is currently split on whether a plea of guilty waives a speedy trial or 180-day claim. Compare *People v Parshay,* 104 Mich App 411, 414; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981) (nonjurisdictional and waived), with *People v Davis,* 123 Mich App 553, 558-559; 332 NW2d 606 (1983) (jurisdictional and not waived). However, we believe that the fourteen-day *Shelton* rule is more closely analogous to the twelve-day rule of MCL 766.4; MSA 28.922, which we have held to be nonjurisdictional and therefore waivable by a guilty plea. *People v Dunson,* 139 Mich App 511; 363 NW2d 16 (1984). As we explained:

> The defect of not bringing defendant to a timely preliminary examination is not, however, jurisdictional. MCL 766.7; MSA 28.925 provides that the magistrate may adjourn or continue the examina-

tion beyond the 12-day limitation "for good cause shown" and explicitly states that "[a]n action on the part of the magistrate in adjourning or continuing any case, shall not cause the magistrate to lose jurisdiction of the case". Thus, the Legislature has provided that in situations such as the one now before this Court, a delay beyond 12 days due to an adjournment does not deprive the magistrate of jurisdiction. In addition, the recorder's court judge who accepted the guilty plea was not without jurisdiction to take the plea because a preliminary examination is not an absolute prerequisite to the court's acquiring jurisdiction in light of the statutory provision permitting a defendant to waive his right to a preliminary examination. MCL 767.42(1); MSA 28.982(1); *People v Hall,* 97 Mich App 143, 147; 293 NW2d 742 (1980), aff'd 418 Mich 189; 341 NW2d 436 (1983).

The defect is also not one which would bar the trial of defendant. Even if a *particular* trial might be barred by the failure to hold the preliminary examination in a timely fashion, the state is still fully authorized to bring defendant to trial again. [Emphasis in original. *Dunson, supra,* p 513.]

The fourteen-day *Shelton* rule is, like the twelve-day rule, subject to exception. *Shelton, supra,* p 568. In addition, the fourteen-day *Shelton* rule is similarly based on the date of the arraignment. *Shelton, supra,* p 569. Since *Shelton* and *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), were decided after the defendant's conviction on the underlying charge, it is unclear whether the prosecution would be precluded from bringing the underlying charge again if the charge was voluntarily dismissed. However, as the *Shelton* Court explained:

The purpose of requiring a prosecutor to proceed "promptly" to file the supplemental information is to provide the accused with notice, at an early

stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense. [*Shelton, supra,* p 569.]

Based upon that reasoning, we do not believe that *Shelton* itself would preclude the voluntary dismissal of the underlying charge and simultaneous refiling of both charges. Thus, we hold that the fourteen-day rule is nonjurisdictional and that defendant's waiver of the issue was properly accepted by the trial court.

The defendant next argues that the trial court improperly engaged in sentence bargaining. It is clear that a trial court may not engage in negotiation of the plea bargain itself. *People v Killebrew,* 416 Mich 189, 205; 330 NW2d 834 (1982). However, a trial court may accept a plea agreement, including the sentence recommendation agreed upon by the prosecution and the defendant. *Killebrew, supra,* p 207. Here the trial court did no more than note the fact that it had accepted the plea agreement.

Finally, the defendant argues that the trial court violated the plea agreement by sentencing him to a prison term of more than five years. The plea agreement, as stated by counsel for the defendant, was as follows:

Mr. Rashid agreed to plead guilty if the sentence were not more than five years, and there was to be an order for good time under that, you then delayed sentence until October and made certain agreements with Mr. Rashid. Among those agreements were that if he committed a crime during the delayed period, you would then no longer be held to the five year agreement.

Sentencing was delayed. However, the defendant did commit another crime while sentencing was

delayed. The defendant does not now challenge the fact that he had not yet been convicted of the crime, but we note that there was testimony of a confession by the defendant which he did not deny giving. The trial court properly considered that testimony in sentencing the defendant. *People v McCuaig,* 126 Mich App 754, 762; 338 NW2d 4 (1983), lv den 419 Mich 876 (1984).

Affirmed.