815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald ANUSZKIEWICZ, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 86-1065.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the denial of a habeas corpus petition presenting a claim of ineffective assistance of counsel. We shall affirm the judgment of the district court denying the petition.
 
 
 2
 On January 15, 1981, the petitioner was charged with breaking and entering an occupied dwelling with intent to commit larceny. On the date set for trial, March 24, 1981, he withdrew his plea of not guilty and entered a plea of guilty as charged. He was sentenced on April 30, 1981.
 
 
 3
 The petitioner then appealed to the Michigan Court of Appeals, claiming, among other things, that he was denied effective assistance of counsel because his attorney incorrectly told him that the prosecution could proceed against him as an habitual offender if he did not plead guilty. The petitioner contended that in fact, under the law of Michigan, an habitual offender charge would not have been timely. The Court of Appeals affirmed the conviction without prejudice to the petitioner's right to move for an evidentiary hearing in the trial court.
 
 
 4
 The petitioner did so move, and his motion was denied by the trial court. The petitioner subsequently filed a delayed application for leave to appeal. The application was denied, as was an application for leave to appeal to the Michigan Supreme Court.
 
 
 5
 The petitioner then brought a habeas corpus action in federal court. The district court denied the petition. The only issue on appeal is whether the allegedly erroneous advice of counsel as to the habitual offender charge deprived the petitioner of effective assistance of counsel.
 
 
 6
 In People v. Fountain, 407 Mich. 96, 98, 282 N.W.2d 168, 169 (1979), where the defendants were not charged as habitual offenders until after they had been convicted of the underlying felonies, the Supreme Court of Michigan held that "[a] prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender." (Emphasis supplied.) It was not until February 1982, in People v. Shelton, 412 Mich. 565, 566, 315 N.W.2d 537, 538 (1982), that the Supreme Court of Michigan said precisely what it meant by "promptly"; namely, "that the prosecutor must file the supplemental information, if at all, not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony...." Under Shelton an habitual offender charge could not have been brought against the petitioner in this case on March 24, 1981, when his attorney advised him to plead guilty, because more than 14 days had elapsed since his arraignment. Both parties agree that the Shelton rule is not applicable here, because Shelton was given only prospective effect. Id. at 569-70, 315 N.W.2d at 540. Nevertheless, the petitioner contends that as of March 24, 1981, an habitual offender charge would not have met the Fountain test because it would not have been filed "promptly."
 
 
 7
 The law was not clear at that time as to what constituted "prompt" filing. At least one decision by the Michigan Court of Appeals suggests that the prosecution could have brought an habitual offender charge against the petitioner at the time his counsel gave him the advice here in question. See People v. Mohead, 98 Mich.App. 612, 619, 295 N.W.2d 910, 914 (1980), where the Court of Appeals held that the filing on the first day of trial of a supplemental information charging the defendant as a third offender was "prompt." (The court went on to decide that Fountain required the prosecution to file the habitual offender charge at the same time as the underlying charge if the prosecution knew at that time of the prior felonies. As the Michigan Supreme Court later stated in Shelton, however, Fountain did not impose such a simultaneous filing requirement--only a prompt filing requirement.)
 
 
 8
 Whether the prosecution actually could have filed an habitual offender charge against the petitioner under the circumstances of this case is not determinative. The essential question is whether the advice of counsel was within the range of competence demanded of attorneys in criminal cases. Thus in McMann v. Richardson, 397 U.S. 759, 770-71 (1970) (footnote omitted), where advice regarding the admissibility of a defendant's confession was at issue, the Supreme Court said:
 
 
 9
 "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. Courts continue to have serious differences among themselves on the admissibility of evidence, both with respect to the proper standard by which the facts are to be judged and with respect to the application of that standard to particular facts. That this Court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty.
 
 
 10
 In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases."
 
 
 11
 The advice of counsel in the present case was within that range of competence required of attorneys in criminal cases. At the time the advice was given the state of the law was unclear, with at least one Michigan appellate decision indicating that an habitual offender charge still could be brought against the petitioner under the facts of this case. Counsel was not ineffective, and the petitioner's guilty plea was not invalid.
 
 
 12
 The judgment of the district court is AFFIRMED.