PEOPLE v HEFFRON

Docket No. 93374. Submitted December 3, 1987, at Grand Rapids.
Decided October 12, 1988.

Keith E. Heffron's house burned down. Bennett Patrick told
police that he set the fire at Heffron's direction. Heffron, after
viewing Patrick's confession, confessed. He was tried in the
Mecosta Circuit Court, Lawrence C. Root, J., and convicted of
burning a dwelling house and conspiracy to burn a dwelling
house. He was then convicted, on his plea of guilty, of being a
second-felony offender. Defendant appealed, alleging error in
admitting his confession, in refusing to allow his defense of
abandonment to the charge of conspiracy, in allowing the mid-
trial endorsement of two witnesses, and in failing to file the
supplemental information within fourteen days of his arraign-
ment.

The Court of Appeals *held:*

1. The evidentiary rule requiring the exclusion of statements
made during plea negotiations did not apply to defendant's
confession. The court did not err in finding defendant's confes-
sion to be voluntary and admissible.

2. The court did not err in refusing to allow defendant to use
abandonment as a defense to the conspiracy charges. A with-
drawal from the conspiracy is not a defense to the charge of
conspiracy.

3. The court did not err in allowing the mid-trial endorse-
ment of witnesses, since defendant's rights were not adversely
affected.

4. A plea of guilty to a supplemental habitual offender
information does not waive a defendant's right to challenge on
appeal the propriety of the prosecution's filing of such supple-
mental information after defendant's conviction on the last
underlying felony, since such a challenge affects the state's

REFERENCES

Am Jur 2d, Conspiracy §§ 10 *et seq.,* 35; Criminal Law §§ 469 *et
seq.;* Evidence §§ 523 *et seq.;* Habitual Criminals and Subsequent
Offenders §§ 7, 22.

Propriety and prejudicial effect of showing, in criminal case, with-
drawn guilty plea. 86 ALR2d 326.

authority, as opposed to the state's capacity, to bring the defendant to trial on the supplemental charges. Since the information was not filed within fourteen days of arraignment, defendant's conviction as an habitual offender should be vacated.

Affirmed in part, reversed in part and remanded with instructions.

1. CRIMINAL LAW — CONFESSIONS — RULES OF EVIDENCE.

The provision in the Michigan Rules of Evidence governing the use of statements made in connection with a plea of guilty or a plea of nolo contendere after such plea has been withdrawn does not apply to a confession given without reference to a guilty plea (MRE 410).

2. CRIMINAL LAW — APPEAL — CONFESSIONS — VOLUNTARINESS.

The Court of Appeals, when reviewing the findings of a trial court made at a *Walker* hearing, must examine the entire record and make an independent determination of the ultimate issue of the voluntariness of the defendant's confession; the Court of Appeals will reverse such findings only when it is left with a firm and definite conviction that a mistake has been made.

3. CRIMINAL LAW — CONSPIRACY — DEFENSES — WITHDRAWAL FROM CONSPIRACY.

The gist of the offense of conspiracy is an unlawful agreement; a conspiracy is complete upon formation of the agreement and no overt act in furtherance of the conspiracy is necessary; a withdrawal from the conspiracy is not a defense to the charge of conspiracy.

4. CRIMINAL LAW — HABITUAL OFFENDERS — TIMELINESS — GUILTY PLEAS — WAIVER — APPEAL.

A plea of guilty to a supplemental habitual offender information does not waive a defendant's right to challenge on appeal the propriety of the prosecution's filing of such supplemental information after defendant's conviction on the last underlying felony, since such a challenge affects the state's authority, as opposed to the state's capacity, to bring the defendant to trial on the supplemental charges.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *James R. Samuels*, Prosecuting Attorney, and *J. Ronald Kaplansky*, Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett*),for defendant on appeal.

Before: Weaver, P.J., and Wahls and M. J. Shamo,* JJ.

Per Curiam. Defendant was convicted by a jury of burning a dwelling house, MCL 750.72; MSA 28.267, and conspiracy to burn a dwelling house, MCL 750.157a; MSA 28.354(1). Following these convictions, defendant pled guilty to being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to 7½ to 30 years imprisonment. Defendant now appeals as of right.

Defendant's house burned down on February 24, 1985, while defendant and his wife and children were away on a vacation. Responding fire fighters were suspicious that the fire had been deliberately set. Several days later, Bennett Patrick, a friend who had been staying at the house while defendant and his family were out of town, confessed to police that he had set the fire at defendant's direction. Defendant also confessed after watching a videotape of Patrick's confession. Defendant pled guilty to burning insured property but later the trial court allowed him to withdraw his plea. After an eleven-day trial he was convicted as charged of burning a dwelling house and conspiracy to burn a dwelling house. He then pled guilty to the habitual offender charge.

I

First, defendant contends that his confession was involuntary because it was improperly induced by a promise of leniency and further that

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

the confession was part of the process of plea negotiations and therefore inadmissible under MRE 410. We do not agree with either claim.

It is clear that MRE 410 requires the exclusion of statements made during guilty plea negotiations. However, upon careful review of the record we conclude that MRE 410 is not applicable to this case because the possibility of a guilty plea was never discussed nor was one offered or accepted. A charge reduction and sentencing recommendation was discussed with defendant in exchange for his "truthful statement." MRE 410 does not cover this situation. See *People v Bradley,* 106 Mich App 373, 380; 308 NW2d 216 (1981), rev'd on other grounds 421 Mich 704; 365 NW2d 648 (1984).

As for whether defendant's statement was involuntary because it was induced by a promise of leniency, we defer to the trial court's lengthy findings under the totality of circumstances test set forth in *People v Conte,* 421 Mich 704, 754-755; 365 NW2d 648 (1984). The court found defendant illiterate but that he was adequately advised of his rights orally. The court noted that defendant had prior experiences with *Miranda*[1] rights and had invoked his rights in the past. The court further found that defendant was not threatened with forty years imprisonment, that defendant and the officer struck a proper bargain, and that defendant's statements were voluntarily made.

This Court in reviewing a trial court's ruling on the admissibility of a confession should examine the entire record and reach an independent determination of voluntariness. However, absent a definite and firm conviction that the trial court erred, the trial court's decision should be affirmed. *People v McGillen No 1,* 392 Mich 251, 257; 220 NW2d

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 964 (1966).

677 (1974). Additionally, where, as here, a determination of voluntariness was largely dependent on the credibility of witnesses, this Court should defer to the trial court's findings. *People v Shelson,* 150 Mich App 718, 724; 389 NW2d 159 (1986).

Here, the court did not believe defendant was threatened by the interrogating officer with forty years imprisonment. The officer denied making this statement. The officer additionally denied telling defendant that defendant was most likely guilty of conspiracy and denied that defendant asked for an attorney or whether an attorney would be of assistance. We defer to the trial court's ability to judge the credibility of witnesses and defer to the trial court's acceptance of the interrogating officer's testimony. Accordingly, we reject defendant's contention that his confession was induced by a promise of leniency. The trial court did not err in allowing the confession to be admitted at trial.

II

Defendant next argues that the trial court erred by refusing to allow a defense of abandonment to the conspiracy charge.

Defendant testified at trial that, before leaving to visit relatives, defendant told Patrick *not* to burn the house down. The trial court later ruled that defendant could not use withdrawal as a defense to the conspiracy charge. At the conclusion of trial, the court instructed the jury on the charged offenses of conspiracy to burn a dwelling and burning a dwelling, along with the defense of abandonment to the substantive charge of burning a dwelling. The court also instructed that "abandonment is not a defense to conspiracy."

We find no error in these instructions. The

crime of conspiracy is complete upon formation of the agreement—a withdrawal is ineffectual. *People v Juarez,* 158 Mich App 66, 73; 404 NW2d 222 (1987); *People v Thomas Hintz,* 69 Mich App 207, 222; 244 NW2d 414 (1976). Contrary to defendant's argument, it is not illogical to allow the defense of abandonment to the substantive offense but not the conspiracy. The substantive offense was not complete until the act of burning the house was carried out, while the conspiracy was complete upon formation of the unlawful agreement to burn the house regardless of whether the act was actually carried out.

III

Defendant next argues that the trial court erred by allowing the mid-trial endorsement of two additional witnesses.

The two witnesses complained of were Patrick, the accomplice, and an expert witness. Both of these witnesses were known to defense counsel prior to trial and the defense had several nontrial days in which to prepare for their testimony. Under these circumstances we do not believe that defendant's rights were adversely affected by the trial court's resolution of this issue. However, we note that in the future, under the new stricter rules set forth in MCL 767.40a; MSA 28.980(1), a prosecuting attorney who wishes to call an unendorsed witness at trial will have to show "good cause" for the late addition.

IV

Defendant's final argument is that his conviction on the habitual offender charge must be reversed because the supplemental information was not

filed until more than fourteen days after his ar-
raignment on the underlying charges. The prose-
cution contended that the fourteen-day rule set
forth in *People v Sheldon,* 412 Mich 565; 315
NW2d 537 (1982), is nonjurisdictional and there-
fore was waived by defendant's plea of guilty to
the supplemental information.

The general rule is that a guilty plea waives all
nonjurisdictional defects. *People v New,* 427 Mich
482; 398 NW2d 358 (1986). In *New* our Supreme
Court discussed the difference between jurisdic-
tional and nonjurisdictional defects:

> Today, we hold that a defendant, after pleading
> guilty, may raise on appeal only those defenses
> and rights which would preclude the state from
> obtaining a valid conviction against the defendant.
> Such rights and defenses "reach beyond the fac-
> tual determination of defendant's guilt and impli-
> cate the very *authority* of the state to bring a
> defendant to trial . . . ." [*People v*] *White,* 411
> Mich [366] 398 [308 NW2d 128 (1981)] (MOODY, J.,
> concurring in part and dissenting in part). In such
> cases, the state has no legitimate interest in secur-
> ing a conviction. On the other hand, where the
> defense or right asserted by defendant relates
> solely to the capacity of the state to prove defen-
> dant's factual guilt, it is subsumed by defendant's
> guilty plea. [427 Mich 491. Emphasis in original.]

We think it apparent that the fourteen-day rule
is jurisdictional and therefore not waived by defen-
dant's guilty plea. The fourteen-day rule is a com-
plete defense at the habitual offender proceeding.
It affects the state's authority, as opposed to its
capacity, to bring the defendant to trial. *People v
John Wells,* 103 Mich App 577, 586; 303 NW2d 243
(1981). See also *People v Hays,* 164 Mich App 7;
416 NW2d 358 (1987). Although another panel of
this Court reached the opposite conclusion in *Peo-*

*ple v Rashid,* 154 Mich App 762; 398 NW2d 525 (1986) (fourteen-day rule nonjurisdictional and waived by guilty plea), that case was decided prior to *New.* As the supplemental information was not filed until more than fourteen days after defendant's arraignment on the underlying charges, we vacate defendant's conviction as an habitual offender and on remand the trial court should reinstate defendant's sentences on the original charges.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.