PEOPLE v LANNOM (AFTER REMAND)

Docket No. 111772. Submitted November 5, 1991, at Lansing. Decided December 16, 1991, at 9:20 A.M. Leave to appeal sought.

Randolph Lannom was convicted by a jury in the Genesee Circuit Court, Judith A. Fullerton, J., of resisting and obstructing a police officer. The next day, the court accepted the defendant's plea of guilty of being an habitual offender, third-offense, and sentenced the defendant to thirty-two to forty-eight months in prison. The defendant appealed, and the Court of Appeals, DANHOF, C.J., and CYNAR and SHEPHERD, JJ., on January 26, 1990, while retaining jurisdiction, ordered remand to allow the defendant to move for a new trial on the basis of his alleged incompetency to stand trial. On remand, the trial court denied the defendant's motion. The defendant did not contest that ruling, but argued after remand that the twenty-two-day lapse between the time he was arraigned on the underlying charge and the time the habitual offender charge was filed violated the fourteen-day rule set forth in *People v Shelton*, 412 Mich 565 (1982), that the violation of the rule deprived the trial court of jurisdiction, and that the defect was not waived by his guilty plea.

After remand, the Court of Appeals *held:*

A violation of the fourteen-day rule set forth in *Shelton* is a nonjurisdictional defect that was waived by the defendant's guilty plea.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS — FOURTEEN-DAY RULE — JURISDICTION.

A supplemental information charging a defendant with being an habitual offender must be filed within fourteen days of the defendant's arraignment on the underlying charge; however, failure to comply with the fourteen-day rule does not divest the trial court of jurisdiction to accept a guilty plea with regard to

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17, 17.5, 19, 20.

See the Index to Annotations under Guilty Plea; Habitual Criminals and Subsequent Offenders.

the habitual offender charge; the fourteen-day rule is nonjurisdictional, and a violation of the rule is waived by the defendant's guilty plea.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Janel S. Fain, P.C.* (by *Janel S. Fain*), for the defendant on appeal.

### AFTER REMAND

Before: MacKENZIE, P.J., and SULLIVAN and G. S. ALLEN,* JJ.

G. S. ALLEN, J. Defendant appeals as of right his plea-based conviction of being a third-offense habitual offender, MCL 769.11; MSA 28.1083. This plea followed by one day defendant's conviction by a jury of resisting and obstructing a police officer, MCL 750.479; MSA 28.747. We affirm.

In an order dated January 26, 1990, we remanded this case to the trial court to allow defendant to move for a new trial on the basis of his alleged incompetency to stand trial. The trial court denied that motion, and defendant does not contest the trial court's ruling in this appeal. Rather, the sole issue raised is whether the twenty-two-day-lapse between the time defendant was arraigned on the underlying resisting and obstructing charge and the time the habitual offender information was filed, a violation of the fourteen-day rule set forth in *People v Shelton,* 412 Mich 565, 566; 315 NW2d 537 (1982), deprived

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the trial court of jurisdiction so that the defect was not waived by defendant's guilty plea.

There is a split of authority in this Court concerning whether violations of the fourteen-day rule are jurisdictional defects. Compare *People v Rashid,* 154 Mich App 762, 768-770; 398 NW2d 525 (1986) (nonjurisdictional), and *People v Heffron,* 175 Mich App 543, 548-550; 438 NW2d 253 (1988) (jurisdictional). We believe that *Rashid* affords the better-reasoned view and therefore approve and follow it to hold that a violation of the fourteen-day rule set forth in *Shelton* is a nonjurisdictional defect.

Accordingly, we conclude that the violation was waived by defendant's guilty plea. *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986).

Affirmed.