PEOPLE v LANNOM

Docket No. 93036. Decided October 5, 1992. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court.

Randolph Lannom was convicted by a jury in the Genesee Circuit Court, Judith A. Fullerton, J., of resisting and obstructing an officer. Thereafter, he pleaded guilty of being an habitual offender. The Court of Appeals, DANHOF, C.J., and CYNAR and SHEPHERD, JJ., ordered the case remanded to the trial court to allow the defendant to move for a new trial on the basis of incompetency (Docket No. 111772). The trial court denied the defendant's motion. After remand, the Court of Appeals, MACKENZIE, P.J., and SULLIVAN and G. S. ALLEN, JJ., affirmed the conviction, holding that by pleading guilty of being an habitual offender, the defendant waived his right to challenge the prosecutor's tardy filing of the supplemental information. The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

A defendant's right to challenge a prosecutor's tardy filing of a supplemental information charging the defendant as an habitual offender is waived by a plea of guilty.

The rule that a prosecutor must file a supplemental information charging a defendant as an habitual offender not more than fourteen days after arraignment on a supplemental felony is simply a procedural device to protect the defendant's right to prompt and fair notice. It does not implicate the very authority of the state to bring the defendant to trial; nor is it akin to a statute of limitations.

Affirmed.

Justice LEVIN, writing separately, would have denied leave to appeal.

192 Mich App 228; 480 NW2d 321 (1991) affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Pros-

ecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Janel S. Fain* for the defendant.

PER CURIAM. The defendant pleaded guilty of being an habitual offender. The Court of Appeals later held that the plea waived his right to challenge the prosecutor's tardy filing of the supplemental information. We agree that the plea waived this defect, and we therefore affirm the judgments of the Court of Appeals and the circuit court.

I

The defendant was arrested on February 6, 1988, for resisting and obstructing a police officer.[1] Following a preliminary examination, he was arraigned in circuit court on March 14, 1988.

A supplemental information was filed on April 5, 1988.[2] It alleged that the defendant had been convicted of felonies in 1976 and 1978, and was thus an habitual (third-felony) offender.[3]

During the subsequent arraignment on the supplemental information, the defendant did not protest the failure of the prosecutor to file it within fourteen days of his arraignment on the underlying felony, as required by *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982).[4]

Later in April 1988, the trial court conducted a one-day jury trial on the charge that the defen-

[1] MCL 750.479; MSA 28.747.

[2] Resisting and obstructing is a misdemeanor that is punishable by imprisonment for not more than two years. A defendant who is being prosecuted for such an offense can be subject to habitual-offender proceedings. See *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985).

[3] MCL 769.11; MSA 28.1083.

[4] Reh den 413 Mich 1108 (1982).

dant had resisted and obstructed an officer. The defendant was found guilty as charged. The following day, he pleaded guilty to the supplemental information. Again, the defendant failed to assert that the rule of *Shelton* had been violated.

The defendant was sentenced to a term of from thirty-two to forty-eight months in prison.

In the Court of Appeals, the defendant argued that his plea-based conviction as an habitual offender should be vacated because the supplemental information was not timely filed. The defendant did not challenge his underlying conviction for resisting and obstructing.

Following remand proceedings that concerned an issue not raised in this appeal, the Court of Appeals affirmed the defendant's conviction as an habitual offender. 192 Mich App 228; 480 NW2d 321 (1991).

The defendant has applied for leave to appeal.

II

In *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), this Court explained the prosecutor's obligation to proceed "promptly" if a defendant is to be charged as an habitual offender. The requirement of promptness was clarified in *Shelton,* where this Court held that "a supplemental information is filed 'promptly' if it is filed not more than 14 days after the defendant is arraigned in circuit court (or has waived arraignment) on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period." 412 Mich 569.

It is undisputed that the timeliness requirement of *Shelton* was not satisfied in this case.

III

In *People v New,* 427 Mich 482; 398 NW2d 358
(1986), we explained that a guilty plea waives
many potential defenses, including issues regard-
ing the denial of a motion to suppress evidence or
the denial of a motion to quash the information
because of insufficient evidence at the preliminary
examination.[5] We held:

> [A] defendant, after pleading guilty, may raise
> on appeal only those defenses and rights which
> would preclude the state from obtaining a valid
> conviction against the defendant. Such rights and
> defenses "reach beyond the factual determination
> of defendant's guilt and implicate the very *author-
> ity* of the state to bring a defendant to trial . . . ."
> [*People v White,* 411 Mich 366, 398; 308 NW2d 128
> (1981)] (Moody, J., concurring in part and dissent-
> ing in part). In such cases, the state has no legiti-
> mate interest in securing a conviction. On the
> other hand, where the defense or right asserted by
> defendant relates solely to the capacity of the state
> to prove defendant's factual guilt, it is subsumed
> by defendant's guilty plea. [427 Mich 491.]

Following a plea of guilty,[6] a defendant thus is
able to raise on appeal only an issue that "impli-
cates the very authority of the state to bring the
defendant to trial . . . ." 427 Mich 495. Another
phrasing of this principle, adopted from the discus-
sion in *People v White, supra,* is that "jurisdic-
tional" defenses are not waived by a plea of guilty.
427 Mich 490.

The plea-waiver rule was further discussed in

[5] The principles of *New* are subject to the right of the parties and
the court to agree to the entry of a conditional plea. *People v Reid,*
420 Mich 326; 362 NW2d 655 (1984).

[6] In *New,* we further held that "a plea of nolo contendere has the
same effect upon a defendant's ability to raise an issue on appeal as
does a plea of guilty." 427 Mich 493.

*People v Mitchell,* 431 Mich 744; 432 NW2d 715 (1988), and *People v Smith,* 438 Mich 715; 475 NW2d 333 (1991). *Smith* particularly aids the present inquiry, since this Court held that a plea of guilty waives a claim that a defendant's constitutional right to a speedy trial has been violated. 438 Mich 719, 739.[7]

IV

In its opinion, the Court of Appeals correctly observed a split of authority in the Court of Appeals. In *People v Rashid,* 154 Mich App 762, 768-770; 398 NW2d 525 (1986), a panel of the Court held that a violation of the fourteen-day rule of *Shelton* is waived by a plea of guilty. Another panel held in *People v Heffron,* 175 Mich App 543, 548-550; 438 NW2d 253 (1988), that a plea of guilty does not waive this issue.[8]

In affirming this defendant's conviction as an habitual offender, the Court of Appeals characterized the *Rashid* opinion as "the better-reasoned view." 192 Mich App 230. We agree. The rule of *Shelton* is not jurisdictional. It is not a rule of constitutional dimension, or even a legislative enactment. Rather, *Shelton* and the other "rules of practice and procedure that have been developed for prosecutions under the habitual offender provisions are based on this Court's construction of the relevant statutes, and its exercise of its supervisory power over the practices and procedures in the courts of this state." *People v Eason,* 435 Mich 228, 288; 458 NW2d 17 (1990) (dissenting opinion of LEVIN, J.).

---

[7] Five of this Court's seven justices also addressed the issue whether a guilty plea waives a violation of the 180-day rule. MCL 780.131 *et seq.*; MSA 28.969(1) *et seq.* Three of the five would have held that a plea waives a violation of the 180-day rule. 438 Mich 719-729.

[8] See also *People v Hays,* 164 Mich App 7, 12-13; 416 NW2d 358 (1987).

Accordingly, the fourteen-day rule of *Shelton* does not "implicate[ ] the very authority of the state to bring the defendant to trial . . . ." 427 Mich 495. Nor, contrary to the argument of the defendant, is it akin to a statute of limitations. The rule is simply a procedural device to protect the defendant's right to prompt and fair notice of a supplemental information.

For these reasons, we affirm the judgments of the Court of Appeals and the circuit court. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*separate opinion*). The split of authority in the Court of Appeals having been resolved by a "first out" opinion,* I see no need, on the defendant's application, to peremptorily affirm the Court of Appeals, and would therefore deny leave to appeal.

---

* Administrative Order No. 1990-6, 436 Mich lxxxiv; Administrative Order No. 1991-11, 439 Mich xlv.